

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2020
```

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN SCHEMITSCH**
*Assistant Corporation Counsel*
Phone: (212) 356-2375
Fax: (212) 356-3509
jschemit@law.nyc.gov

October 20, 2020

**VIA ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      Re:    Luis Jaime v. Captain Kirkland et al., 20-CV-4365 (AJN) (DCF)

Your Honor:

      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York. We are writing respectfully to request the Court, *sua sponte*, grant a stay of this action pending the conclusion of the New York City Department of Correction's (hereinafter "DOC") investigation into one of the alleged incidents, and a corresponding adjournment, *sine die*, of all pending deadlines and conferences until after the investigation is concluded. This is the first of such a request. Plaintiff is currently incarcerated and, thus, unavailable by telephone. Accordingly, this request is submitted without plaintiff's consent.

      By way of background, plaintiff alleges, *inter alia*, that he was subjected to excessive force by several correction officers on various dates in 2019 and 2020. On July 23, 2020, the individually named defendants, Captain Kirkland, Captain Morales, Correction Officer Phillips, and Correction Officer Jennings, waived service of summons in this case. See ECF No. 10. The Court granted an extension of time for defendants to respond to the complaint and their answers are due on October 21, 2020.

      In the course of investigating the incidents alleged in the amended complaint, the undersigned learned, on or about October 19, 2020, that an internal DOC investigation into an alleged incident is currently pending. Accordingly, defendant City of New York respectfully requests that the case be stayed pending the conclusion of that investigation.

      Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970). More

specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding or investigation. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts have repeatedly stayed civil actions pending open internal investigations by DOC. See, e.g., Christopher H. Cano v. Officer Oxley, 18 Civ. 3428, (BMC) (CLP) (E.D.N.Y. Oct. 18, 2018) (Docket Entry No. 15, p. 2) (granting stay "pending outcome of an internal investigation into underlying incident by New York City Department of Correction"); Shy-Kym Samuel v. Captain Polpotic, et al., 18 Civ. 4039 (JMF) (S.D.N.Y. Aug. 30, 2018) (Docket Entry No. 20; Endorsed Letter) (granting staying pending DOC investigation); Michael Megginson v. C.O. Molina, et al. 18 Civ. 5808 (GHW) (S.D.N.Y. Sept. 19, 2018) (Docket Entry No. 19; Endorsed Letter) (granting limited stay pending DOC investigation).

Here, there are several reasons why a stay is warranted in this circumstance. First and foremost, until such time as DOC concludes its investigation, the parties will not have access to any documents regarding the incidents alleged in this case—as well as any investigative notes or interviews conducted by the investigation division of DOC—because they are protected from disclosure by the law enforcement privilege which was created to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. City of New York, et al., 99 Civ. 1695 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1998) (citations omitted)). Additionally, these records may also be protected from disclosure while the investigation is pending by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 256 (2d Cir. 2005) (noting that inter-agency or intra-agency documents may be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations omitted). Without access to this information, this Office will be unable to make representation determinations for the named officers, effectively respond to the complaint, or assess the case for settlement purposes.

Finally, plaintiff will not be prejudiced in the event that the Court grants this request for a stay because the documents relevant to the case will have been obtained and preserved by DOC during their investigation. See generally Rosenthal v. Giuliani, 98 Civ. 8408, 2001 U.S. Dist. LEXIS 1207, at *6 (S.D.N.Y. Feb. 6, 2001) ("[A] stay in the action will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties.").

Based on the foregoing, this office requests the Court, *sua sponte*, stay the instant matter, and respectfully requests that all pending deadlines and conferences in this case be adjourned, *sine die*, pending the conclusion of DOC's investigation into the underlying incidents. As this office has not discussed representation with defendants Kirkland, Morales, Phillips, and Jennings, this request for a stay is not made on their behalf. The undersigned can provide updates to the Court regarding the status of the investigation at whatever interval the Court desires.

Thank you for your consideration herein.

                                             Respectfully submitted,

                                             John Schemitsch
                                             *Assistant Corporation Counsel*

cc:    **VIA ECF**
        Luis Jaime
        *Plaintiff Pro Se*
        NYSID: 00396648L
        B&C No. 3491806552
        Rikers Island – O.B.C.C.
        16-00 Hazen Street
        East Elmhurst, NY 11370

> The time for the individual defendants to respond to the complaint is extended to November 6, 2020. The request for a stay is otherwise DENIED. The Court reminds counsel that pursuant to Rule 1.D of this Court's Individual Practices in Civil Cases, requests for extensions of time must be filed at least 48 hours before the scheduled deadline. The Clerk of Court is respectfully directed to mail a copy of this Memo Endorsement to the Plaintiff and to note the mailing on the public docket. SO ORDERED.

SO ORDERED.  10/21/2020
ALISON J. NATHAN, U.S.D.J.